SureIN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


DARNELL HALL                                                                                      PETITIONER


v.                              NO. 2:15-cv-00070 DPM/PSH


C.V. RIVERA, Warden,                                                                          RESPONDENT
F.C.I. Forrest City, Arkansas



### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

On October 10, 2003, petitioner Darnell Hall ("Hall") was sentenced in a Missouri state court to concurrent twelve and five year terms of imprisonment for violating the terms of his probation in case numbers 991-35818A and 011-1124. See Pleading 6, Exhibit A, Declaration of James D. Crook at 1. On April 26, 2004, he was transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum. See Pleading 6, Exhibit A, Declaration of James D. Crook at 1-2. See also Pleading 2 at 15. On January 28, 2005, he was sentenced in the United States District Court for the Southern District of Illinois to seventy months imprisonment in case number 3:03-CR-30133. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2. The presiding judge in 3:03-CR-30133, United States District Judge Michael J. Reagan, ordered the term of imprisonment in 3:03-CR-30133 be served consecutive to the terms of imprisonment in 991-35818A and 011-1124. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2. See also Pleading 6, Exhibit A, Attachment 4 at 1-2. Because the State of Missouri had primary custody of Hall, he was returned to state custody. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2.[1] On February 8, 2013, Hall was released on parole from state custody and transferred to federal custody to begin serving his federal sentence. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2.

---

[1] Hall represents, and the record confirms, that on March 17, 2005, he was sentenced in a Missouri state court to a term of imprisonment on another charge. See Pleading 2 at 2; Pleading 6, Exhibit A, Attachment 9 at 5. That sentence appears to have no relevance to the issues at bar.

The Federal Bureau of Prisons ("BOP") thereafter prepared a sentence computation in which Hall's federal sentence was deemed to have begun on February 8, 2013, that being, the day he was released on parole from state custody and received into federal custody. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2. He received no credit on his federal sentence for the time he spent in custody prior to February 8, 2013, because that time had been applied to his sentences in 991-35818A and 011-1124. See Pleading 6, Exhibit A, Declaration of James D. Crook at 2.

Hall then began the grievance process in an attempt to obtain credit on his federal sentence for some of the time he spent in custody prior to February 8, 2013. Specifically, he sought credit for two periods of time. First, he asked that he be given credit for the period of time from April 27, 2004, to January 31, 2005.[2] Second, he requested a nunc pro tunc designation and asked that he be given credit on his sentence for the period of time from January 28, 2005, to February 8, 2013.[3] The position of the BOP throughout the grievance process, and the final resolution of his grievance, is reflected in the following response from the Acting Administrator of National Inmate Appeals ("Administrator"):

---

[2] The period of time from April 27, 2004, to January 31, 2005, was the period of time Hall spent in federal custody pursuant to the writ of habeas corpus ad prosequendum.

[3] January 28, 2005, was the day Hall was sentenced in 3:03-CR-3013, and February 8, 2013, was the day he entered federal custody to begin serving 3:03-CR-30133. It is worth noting that he was seeking credit for the same three day period of time, that being, for the period of time between January 28, 2005, and January 31, 2005.

> At the time your federal sentence was imposed, you were in service of an undischarged term of imprisonment in the State of Missouri and in federal custody pursuant to a writ. Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal Court merely "borrows" the prisoner under the provisions of the writ for secondary custody.
>
> Furthermore, Title 18 U.S.C. 3585(b) precludes the application of prior custody credit for the time you are requesting, as this time was spent in service of your Missouri state sentence.
>
> Since the federal Judgment was specific in its intent that your federal sentence be served consecutively to the Missouri State sentence(s), a review for a concurrent designation is not appropriate in your case and the sentencing Court need not be contacted.
>
> We find your sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

See Pleading 2 at 19-20.

Hall commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, a petition in which he challenged the calculation of his federal sentence. Liberally construing his pro se petition, he challenged the BOP's refusal to credit his sentence for the period of time from April 27, 2004, to January 31, 2005, and challenged the BOP's refusal grant him a nunc pro tunc designation for the period of time from January 28, 2005, to February 8, 2013. With regard to the latter period of time, he alleged that the BOP violated the regulations and program statements governing a request for a nunc pro tunc designation and violated his constitutional rights by refusing to grant him such a designation.

Respondent C.V. Rivera ("Rivera") filed a response to the petition in which he maintained that the actions of the BOP were appropriate and in accordance with federal law. He maintained that Hall's federal sentence was being properly computed and offered the following in support of that assertion:

> Petitioner was in primary state custody and subject to an undischarged term of imprisonment imposed in the State of Missouri. Title 18 U.S.C. 3585(b) precludes the award of credit for this time, as it was credited toward the Missouri state terms. ...
>
> Missouri Department of Corrections staff verified that Petitioner was in service of his 12 year state sentence for Violation of Parole in case numbers 991-35818A and 011-1124, and received all prior custody credits toward these terms. ...
>
> The judgment in the federal criminal case was specific in its intent that the federal sentence be served consecutively to his two state sentences in case numbers 991-35818A and 011-1124. Therefore a review for concurrent designation would not have been appropriate in this case.

See Pleading 6 at 3-4.

Hall filed a short reply to Rivera's response. In the reply, Hall acknowledged that Judge Reagan ordered the federal sentence be served consecutive to the terms of imprisonment in 991-35818A and 011-1124. Hall nevertheless maintained that the BOP violated the guidelines and program statements for reviewing a request for a nunc pro tunc designation when, at a minimum, the BOP did not contact Judge Reagan. Hall also again maintained that his request was not given full and fair consideration, and the denial of his request violated his constitutional rights.

The undersigned begins an analysis of Hall's claims by noting that the BOP initially possesses the exclusive authority to compute "sentence credit awards after sentencing." See Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). The BOP's construction of a statute is due deference, but the judiciary retains "the final authority on matters of constitutionality and statutory construction. See Id.

The undersigned also notes that Hall does not, and cannot, challenge when his federal sentence began. It began on February 8, 2013, the day he was released on parole from state custody and transferred to federal custody. See 18 U.S.C. 3585(a).[4] The question is whether the BOP could properly deny him credit for the period of time from April 27, 2004, to January 31, 2005, and properly deny him a nunc pro tunc designation for the period of time from January 28, 2005, to February 8, 2013.

18 U.S.C. 3585(b) provides that a defendant shall be given credit on his sentence for any time he spent in official detention prior to the date the sentence commences "as a result of the offense for which the sentence was imposed," or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. 3585(b) adds, though, that a defendant shall be given credit on his sentence for any time spent in official detention prior to the date the sentence commences "that has not been credited against another sentence."

---

[4] 18 U.S.C. 3585(a) provides that a sentence to a term of imprisonment commences on "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Giving the BOP's decision the deference it is due, the undersigned finds that the BOP could properly refuse to award Hall credit on his federal sentence for the period of time from April 27, 2004, to January 31, 2005. The BOP could do so for the two reasons it gave him. First, Hall was not in official federal detention during that period of time. He was merely "on loan" from state authorities pursuant to a writ of habeas corpus ad prosequendum. See United States v. Cole, 416 F.3d 894 (8th Cir. 2005). The writ did not alter Hall's custody status; it merely changed the location of his custody. See Munz v. Michael, 28 F.3d 795 (8th Cir. 1994). Because he was merely "on loan," Hall remained in the custody of state authorities until the day he was released on parole.

Second, Hall received state credit on his sentences in 991-35818A and 011-1124 for the period of time from April 27, 2004, to January 31, 2005, and 18 U.S.C. 3585(b) precludes crediting his federal sentence for the same period of time. See United States v. McIntyre, 508 F.2d 403 (8th Cir.), cert. denied, 422 U.S. 1010 (1975) (defendant not entitled to credit on federal sentence when he received credit on his state sentence for same period of time). The Administrator's unrebutted affidavit establishes that state officials verified Hall was "in service" on his sentences in 991-35818A and 011-1124, and he received all prior custody credit on those terms. See Pleading 6, Exhibit A, Declaration of James D. Crook at 3. See also Pleading 6, Exhibit A, Attachment 9.[5]

---

[5] There is a limited exception to the prohibition against "double credit." See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), Willis v. United States, 438 F.2d 923 (5th Cir. 1971). The exception is inapplicable in this instance. See Myers v. Outlaw, 2011 WL 873343 (E.D.Ark. 2011) (double credit available if, inter alia, the state and federal sentences are concurrent).

Giving the BOP's decision the deference it is due, the undersigned finds that the BOP could also properly refuse to award Hall a nunc pro tunc designation for the period of time from January 28, 2005, to February 8, 2013. The BOP could do so for the reason it gave him. Judge Reagan ordered the federal sentence be served consecutive to the terms of imprisonment in 991-35818A and 011-1124. Had the BOP granted Hall a nunc pro tunc designation for the period of time from January 28, 2005, to February 8, 2013, the BOP would have, in effect, overruled Judge Reagan's clear and unequivocal pronouncement. See Rabb v. Wilson, 2015 WL 731475 (E.D.Va. 2015) (once federal sentencing judge explicitly mandates sentence shall run consecutive to other imposed sentences, BOP has no authority to designate federal sentence as nunc pro tunc concurrent to state sentence).[6]

Hall faults the BOP for failing to follow the regulations and program statements governing a request for a nunc pro tunc designation. The BOP's decision, though, was consistent with Program Statement 5160.05, sub-paragraph 9(b)(4)(f), which provides, in full, the following: "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence ..."

---

[6]

In Rabb v. Wilson, United States District Judge T.S. Ellis, III, observed that "[a]s only the Judiciary has the power to sentence, only the Judiciary has the actual power to determine whether sentences will run consecutively or concurrently, and the BOP may not overrule that Judiciary's decision once the sentence is imposed. See Setser [v. United States], 132 S.Ct. at 1469 ("[O]nly district courts ... have authority to make the concurrent-vs.-consecutive decision ... and the [BOP] is not free to use its 'place of imprisonment' authority to achieve a different result.")." See Id. at 3.

Hall faults the BOP for failing to give full and fair consideration to his request for a nunc pro tunc designation when, at a minimum, the BOP did not contact Judge Reagan. It is true the BOP did not contact Judge Reagan, but the BOP was not required to do so. Like the petitioner in Rabb v. Wilson, supra, at the time of Hall's federal sentencing, he was serving state sentences, and Judge Reagan explicitly ruled that Hall's federal sentence was to run consecutive to 991-35818A and 011-1124.[7]

---

[7]

In Rabb v. Wilson, a petitioner challenged the BOP's refusal to consider his petition for nunc pro tunc designation. He alleged that the BOP erroneously relied solely upon the views of the sentencing judge. The petitioner's challenge was rejected, in part, for the following reason:

> In the specific circumstances of petitioner's case, it is clear that the BOP did not abuse its discretion in refusing to consider his request for nunc pro tunc designation. Petitioner is correct that numerous courts have found that BOP, when considering a petition for nunc pro tunc designation, "abdicated its statutory responsibility to bring its independent judgment to bear on the matter" by relying solely on the sentencing judge's objection to such a designation. ... Indeed, in Barden v. Keohane, 921 F.2d 476, the seminal case governing the BOP's ability to make nunc pro tunc designations, the Third Circuit held that the BOP's decision not to grant a petition solely because the federal sentencing judge did not explicitly order that an inmate's sentences run concurrently was an abuse of discretion. ... Accordingly, petitioner's argument, that the BOP must exercise its independent discretion and weigh all the factors in § 3621(b), is correct, on the facts of Barden and numerous similar situations. Importantly, petitioner's case is not similar to the facts of Barden.
>
> Unlike Barden, the specific facts of petitioner's case are that, at the time of his federal sentencing, he was serving an as-yet undischarged state sentence, and the federal sentencing court explicitly ruled that his federal sentence was to run consecutively to that state sentence. ... In Barden and every other case cited by petitioner, federal sentences were imposed before state sentences, the federal sentencing judge did not specify at sentencing whether the petitioner's federal sentence was to run concurrently or consecutively to his state sentence, or both. ... Accordingly, sentences in those cases were imposed in situations when there was no express statement from the sentencing judge on whether a federal sentence should run consecutively to a previously-imposed state sentence. In these situations, BOP has the discretion to consider petitions for nunc pro tunc designations. In the instant case, however, the sentencing judge explicitly ordered petitioner's sentences to run consecutively, and it is therefore clear that BOP did not abuse its discretion in not considering the petition.

See Id., 2015 WL 731475 at 5-6.

Hall maintains that the BOP violated his constitutional rights when it refused to grant his request for a nunc pro tunc designation but granted the requests of other similarly situated inmates. He supports his assertion, in part, with the following:

> ... After a lengthy administrative process, DERRICK JONES was granted a "RETROACTIVE NUNC PRO TUNC" designation after serving almost five (5) flat and consecutive years in the STATE penitentiary in GEORGIA (where the Federal District Court never ordered the sentence to run concurrent) and was released on 7/24/2014. Inmate ARTHUR CRAWFORD is housed at FORREST CITY CORRECTIONAL COMPLEX-MEDIUM, received a "RETROACTIVE" designation even though the Federal District Court of KENTUCKY never ordered concurrency of the Federal sentence with the STATE sentence.

See Pleading 2 at 3. Accepting Hall's representations as true, the undersigned cannot agree that the sentences of Derrick Jones ("Jones") and Arthur Crawford ("Crawford") are similar to Hall's sentences. In the cases of Jones and Crawford, the sentencing judges appear to have made no pronouncement as to whether Jones and Crawford's federal sentences should run concurrent with or consecutive to their state sentences. In Hall's case, though, Judge Reagan clearly and unequivocally stated that Hall's federal sentence was to run consecutive to his state sentences. The BOP could and did properly give affect to Judge Reagan's pronouncement when it refused to grant Hall a nunc pro tunc designation.

Given the foregoing, the undersigned finds that Hall's claims warrant no relief. It is therefore recommended that his petition be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 9th day of September, 2015.

                                                        UNITED STATES MAGISTRATE JUDGE